IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L. BRICKER,** | : |
| | : |
| Plaintiff | : CIVIL NO. 1:06-CV-1729 |
| | : |
| v. | : (Judge Rambo) |
| | : |
| **COMMONWEALTH OF** | : |
| **PENNSYLVANIA,** *et al.* | : |
| | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

**I.   Background**

Ronald L. Bricker, an inmate currently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, filed this civil rights complaint pursuant to 28 U.S.C. § 1983 on September 5, 2006.  (*See* Doc. 1.)  Named as defendants are the Commonwealth of Pennsylvania, Attorney General's Office, the Honorable Joseph H. Kleinfelter, and attorneys Jen Bevan, Justine J. McShane, Mark F. Bayley, R. Mark Thomas, and Diane Morgan.  Bricker also submitted an application seeking leave to proceed *in forma pauperis* and an Authorization form. (Docs. 9, 10.)

On September 18, 2006, an Administrative Order was issued directing the warden at the Dauphin County Prison to commence deducting the full filing fee from Bricker's prison trust fund account.  (Doc. 11.)  For the reasons that follow, the

Administrative Order will be vacated and Bricker granted *in forma pauperis* status for the sole purpose of filing the instant action. The complaint will be dismissed without prejudice to Bricker to reassert his claims in a properly filed habeas corpus petition.

## II.     Discussion

Although both § 1983 and habeas corpus permit prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Section 1983 provides for liability on the part of a state actor who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Id*. (quoting 42 U.S.C. § 1983). Habeas relief, in contrast, is clearly limited: it is well-settled that a habeas corpus petition is the proper mechanism brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993), *cert. denied*, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer*, 288 F.3d at 540.

Turning to Bricker's complaint (Doc. 1), he asserts that he was convicted of theft by deception, 18 Pa. C.S. § 3922, in the Dauphin County Court of Common

Pleas. He contends that all the named defendants violated his constitutional rights by proceeding by way of a criminal case rather than by a civil action. (Doc. 1, page 2.) He also contends that the defendants used false statements to get a conviction. (*Id*.) As relief he seeks the dismissal of his criminal conviction and a new civil trial by jury.

From a careful review of the instant complaint (Doc. 1), Bricker does not allege conditions of confinement claims, as he must in order to assert a § 1983 claim; rather, he challenges the legality of his present confinement and seeks a new trial, which are properly brought under habeas. Hence, the complaint will be dismissed, without prejudice, to allow Bricker to pursue his claims in a properly filed petition for writ of habeas corpus.

**AND NOW,** this 25th day of September, 2006**, IT IS HEREBY ORDERED THAT:**

1. Plaintiff is granted *in forma pauperis* status for the sole purpose of filing this action.

2. The Administrative Order issued by the court on September 18, 2006 (Doc. 11) is hereby VACATED. The Clerk of Court is directed to cease collecting any funds from Plaintiff's inmate account, and to refund any monies previously submitted by the prison to Plaintiff.

3. The complaint is DISMISSED, without prejudice.

4. Plaintiff, if he so chooses, may reassert his claims in a properly filed habeas corpus action pursuant to 28 U.S.C. § 2254.

5. The Clerk of Court is directed to CLOSE this case.

6. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated: September 25, 2006.