## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. BRICKER,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-06-01729** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, *et al.*** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM AND ORDER

Before the court is Plaintiff Ronald L. Bricker's motion for reconsideration of the court's memorandum and order of September 25, 2006, dismissing his complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's present motion will be denied.

### I.   Background

Plaintiff, an inmate currently confined at the State Regional Correctional Facility in Mercer, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on September 5, 2006, against the Commonwealth of Pennsylvania and a judge and various attorneys involved in his criminal case before the Court of Common Pleas of Dauphin County. (*See* Doc. 1.) Plaintiff contended that Defendants violated his constitutional rights by proceeding by way of a criminal case

rather than by a civil action.  (Doc. 1, p. 2.)  He also asserted that Defendants used false statements to get a conviction.  (*Id*.)  As a result, he sought a dismissal of his criminal conviction and a new civil trial by jury.

On September 25, 2006, the court dismissed Plaintiff's complaint, without prejudice, to allow him to pursue his claims in a properly filed petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 13.)  Specifically, the court found that Plaintiff had not alleged a conditions of confinement claim, as he must in order to assert a § 1983 claim; rather, Plaintiff had challenged the legality of his present confinement and sought a new trial, which are challenges properly brought under habeas corpus.  Consequently, Plaintiff filed the present motion for reconsideration of the memorandum and order dismissing his complaint.  (Doc. 20.)  After careful review, the court will dismiss the motion.

## II.   Discussion

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying this standard to the instant motion, the court finds no basis to reconsider the earlier finding that Plaintiff's claims were not brought before the court under the proper mechanism, that is, a petition for writ of habeas corpus under 28 U.S.C. § 2254.  In making that determination the court did not reach the merits of Plaintiff's claims; rather, the court dismissed his complaint, without prejudice, to

allow him to pursue his claims in a properly filed habeas petition.  (*See* Doc. 13.)  For purposes of clarification, the court again directs Plaintiff to the Third Circuit precedent of *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002).  In that case, the court initially acknowledged a narrow subset of actions that arguably could be brought under either § 1983 or habeas corpus, namely those actions involving a deprivation of rights that impacts the fact or length of detention.  *Id.* at 540.  However, the court further stated, "the Supreme Court has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief."  *Id.*; *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Spencer v. Kemna*, 523 U.S. 1 (1998).

After reviewing the court's memorandum and order of September 25, 2006 (Doc. 13), the court finds no intervening change in controlling law and no error of law or fact.  While Plaintiff may disagree with the findings, the court finds no basis to reconsider the earlier decision.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 20) is **DENIED**.


s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  October 19, 2006.